IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FELICIA PRIAH et al., | ) CASE NO.: 1:06CV02196 |
| Plaintiffs, | ) |
| v. | ) JUDGE BOYKO |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) STIPULATED |
| | ) <u>PROTECTIVE ORDER</u> |

Upon agreement by the parties defendant, United States of America ("United States"), and without opposition from Plaintiffs Felicia Priah, et al., ("plaintiffs"), this Court, having been duly advised, hereby ORDERS that:

1. This Protective Order governs the treatment and handling of all "Protected Information," which pertains to FBI policy materials provided in response to Plaintiffs' Civ. R. 56(F) Motion for Discovery (R. #19) and in support of the United States' Motion to Dismiss or, Alternatively, for Summary Judgment (R. #14) and the United States' Motion to Dismiss the Second Amended Complaint, Alternatively, for Summary Judgment (R. # 23), which are produced by the United States in this matter in accordance with the Federal Rules of Civil

Procedure and the order of the Court.

2. Documents that contain Protected Information shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking, and may be used only for purposes of this litigation. For any records whose medium makes such stamping impracticable, the medium's container and/or accompanying cover letter shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking, and may be used only for purposes of this litigation. Discovery requests or responses to discovery requests, if any, that contain Protected Information shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking, and may be used only for purposes of this litigation. At the request of counsel for the Department of Justice, deposition transcripts, if any, that contain Protected Information shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking, and may be used only for purposes of this litigation. Except as provided herein, no person having access to Protected Information shall make public disclosure of Protected Information without further Order of the Court.

3. Protected Information shall be used by plaintiffs' counsel only for purposes of litigating this case, including any appeals, and shall not be disclosed by plaintiffs' counsel or his representative(s) to the public or any other person or entity for any reason other than for purposes of litigating this case.

4. Except as specifically provided in this Order, or as otherwise ordered by this Court, any Protected Information shall not be disclosed or disseminated to anyone, except:

(a) Counsel for any party and the employee of such counsel to whom it is necessary that the information be disclosed for purposes of preparation for and litigation of this case;

(b) Persons retained by the parties or their counsel to assist in the preparation of this litigation in any way, including service as expert witnesses, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this case;

(c) Any person who was involved in the preparation of the document or information;

(d) Persons with factual knowledge relating to this case who may be called as witnesses at any hearing, provided that such disclosure is reasonably and in good faith calculated to aid in litigating this case;

(e) The Court, the jury, court personnel, court reporters and persons engaged to make copies; and

(f) Any other person as to whom counsel for the Department of Justice expressly consents in writing.

5. Each person to whom Protected Information subject to this Protective Order will be disseminated (other than the Court, the jury, court personnel, court reporters, and employees of the Department of Justice, including but not limited to the Federal Bureau of Investigation) will be required, prior to any such dissemination, to receive and read a copy of this Protective Order and to agree, in writing, to be bound by the terms of this Order and personally subject to the jurisdiction of this Court for the purposes of enforcement hereof in the form attached hereto as Agreement to Protective Order. Any person receiving Protected Information subject to this Protective Order shall provide a copy of the written agreement signed by that party to Assistant United States Attorney Lynne H. Buck, United States Attorney's Office, Northern District of

3

Ohio. Furthermore, any person receiving Protected Information subject to this Protective Order and disseminating same shall maintain a list of all such persons along with the written agreement of each person, and shall provide copies of such written agreements to Assistant United States Attorney Lynne H. Buck, United States Attorney's Office, Northern District of Ohio.

6. All Protected Information subject to this Protective Order shall be used for the sole and limited purpose of preparation for and trial of this case and shall not be used for any other purpose. "For the sole and limited purpose of preparation for and trial of this case," as used in this Order, means that individuals obtaining access to Protected Information subject to this Protective Order (I) can read and review such Protected Information to become knowledgeable about this litigation and (ii) can comment on such Protected Information to counsel for the parties if they so choose. All other uses, including but not limited to making such Protected Information available to any person who has not signed the Agreement to Protective Order hereto, shall fall outside the definition of "for the sole and limited purpose of preparation for and trial of this case."

7. Plaintiffs may challenge the United States' designation of particular information as Protected Information by moving the Court to have the information made public. In addition, each party reserves the right to move to modify the terms of this Protective Order at any time, and each party reserves the right to oppose any motion to modify the terms of the Protective Order.

8. Unless Protected Information is fully redacted from documents, briefs, or other materials presented to the Court, and cannot be determined from context, those portions of the documents, briefs, or other materials containing the Protected Information shall be filed under

seal. Neither plaintiffs, their counsel or any third party may use Protected Information in open Court or at trial, orally or through documents, without first obtaining the written consent of the Department of Justice or an Order from the Court ruling that the Protected Information is relevant and may be publicly disclosed.

9. Within sixty days of the conclusion of this case (including any appeals), documents, discovery requests, discovery responses, and deposition transcripts, and all copies thereof, containing Protected Information and produced or served in connection with this case must be returned by the plaintiffs or other receiving party to the federal defendant. Within sixty days of the conclusion of this case and any appeals, plaintiffs' counsel or other person receiving documents, discovery requests, discovery responses, or deposition transcripts must certify in writing that all documents, discovery requests, discovery responses, and deposition transcripts, and all copies thereof, containing Protected Information and produced or served in connection with this case have been returned to the United States. Within sixty days of the termination of this case, including any appeals, plaintiffs' counsel or other person receiving documents, discovery requests, discovery responses, or deposition transcripts containing Protected Information must also certify in writing that any documents he or she or his or her attorneys or agents have created which contain Protected Information derived solely from the protected documents, discovery requests, discovery responses, or deposition transcripts have been fully redacted with respect to the Protected Information or destroyed; provided, however, no party is required to redact or destroy any document that has been filed with this Court or with a court of appeals of competent jurisdiction in connection with this case.

10. Neither the United States Department of Justice nor the Federal Bureau of

5

Investigation nor any of their officers, employees, or attorneys, shall bear any responsibility or liability for any unauthorized disclosure of any Protected Information obtained by plaintiffs' counsel under this Order.

11. This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any document or information.

12. This Order does not apply to any information or documents other than the Protected Information as defined in paragraph 1, and this Order shall not be precedent for adopting any procedure with respect to the disclosure of any other information.

Dated: FILED MAR 21 2007
CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

*/s/ Christopher A. Boyko*
THE HONORABLE CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE