IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FELICIA PRIAH, | ) | CASE NO. 1:06 CV 2196 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | **MEMORANDUM & ORDER** |
| Defendants. | ) | |

## I. Introduction

Before the Magistrate Judge by referral[1] under 28 U.S.C. § 636(b)(1)(A) is plaintiff Felicia Priah's motion[2] seeking certain additional discovery and defendant United States' motion[3] to stay that discovery.

Priah seeks discovery beyond the Government's disclosure of redacted portions of the FBI Manual of Internal Operating Guidelines (MIOG) to determine if FBI agents acted contrary to any mandatory policy as to planning, staffing, and communications between agents when Darnell Lester, a cooperating government witness who had been kidnapped, was killed by a Bureau agent during a rescue attempt. She believes additional discovery, particularly deposition of agents involved in this event, is warranted because a mandatory

---

[1] ECF # 32.

[2] ECF # 19.

[3] ECF # 26.

policy here may have been orally established and so not located in the written documents already provided.

In response, the Government contends that the redacted sections of the MIOG are sufficient to establish that the shooting of Lester did not violate any mandatory directives or policies. In addition, it maintains that the operational conduct of Bureau agents is viewed by courts as the kind of action that the discretionary function exception of the Federal Tort Claims Act (FTCA) was designed to shield. Thus, it argues that discovery should be deemed closed, and the Court should proceed to consider its motion to dismiss and/or for summary judgment.

For the reasons that follow, the Court concludes that Priah should be allowed to view under a protective order both an unredacted version of documents already provided to her and documents now provided only to the Court. However, the Court also finds that Priah has not established that deposing the agents would reasonably be likely to lead to admissible evidence, particularly since any deposition would relate to operational conduct that has long been viewed as being discretionary and so within the discretionary function exemption.

## II. Background

The present dispute is rooted in the motion by the United States for dismissal and/or summary judgement.[4] In a brief supporting that motion, the Government asserts that any claims based upon how agents investigated, planned, and conducted the rescue attempt are

---

[4] ECF #s 14, 27. The second motion restates the first but does so in light of an amended complaint. *See*, ECF # 18.

jurisdictionally barred by the discretionary function exception to the FTCA.[5] In addition, it contends that any claim that agents were negligent in firing the fatal shot at the car containing Lester is barred by Ohio's provision of immunity afforded to law enforcement officers[6] and by findings in other courts that it was self-defense.[7]

Seeking to ascertain any policy that may have been violated here, Priah asks for discovery prior to the Court considering the Government's motion to dismiss.[8] Priah requests discovery going to her allegations that the FBI agents were negligent in: (1) failing to communicate to the SWAT team conducting the rescue that Lester would be in the kidnappers' car; (2) formulating a plan to "jump" the kidnappers' vehicle on the false assumption that Lester would not be in that vehicle; and (3) actually firing on the vehicle during the rescue attempt.[9]

To that end, she seeks eleven categories of documents and permission to depose witnesses. She asks for documents addressing the following areas:

(1) Handling of hostage situations by FBI agents and FBI SWAT teams;

(2) How the FBI and/or SWAT Team handle(s) a hostage situation, kidnapping, car stops and communications regarding the same;

(3) Jurisdiction of the FBI in local kidnapping and hostage situations;

---

[5] ECF # 27 at 1.

[6] *Id.*

[7] *Id.* at 9.

[8] ECF # 19.

[9] *See*, ECF # 18 (Second Amended Complaint).

-3-

(4) Responsibility of the FBI for its confidential informants who "get themselves into a dangerous situation and need assistance;"

(5) Blocking-in vehicles during a traffic stop;

(6) When car stops should involve a "jumping" situation;

(7) Extricating a confidential informant from a dangerous situation;

(8) Documentation of any communication between FBI agents or SWAT Team members during the entire incident;

(9) All tape recordings made during the entire incident;

(10) All cell phone records pertaining to the incident;

(11) All documents related to "suggested communications; evidence, exchange of information during car stops; criminal investigations; jumping a stopped vehicle; kidnappings and hostage situations and rescue of confidential informants in danger.[10]

Further, Priah wants to depose:

(1) Persons who are most knowledgeable about the policies set forth in the documents requested;

(2) Special Agent Vogt, the Cleveland FBI agent responsible for communicating with the SWAT Team;

(3) Special Agent Kirwan, the leader of the SWAT Team.[11]

The Government responds that staying discovery while a motion to dismiss is being considered is appropriate when a complaint does not allege any facts that place the claim within the court's jurisdiction.[12] According to the Government, to warrant continued

---

[10] ECF # 19.

[11] *Id.*

[12] ECF # 25 at 5.

discovery under the jurisdiction conferred by the FTCA, Priah's complaint must "allege specific conduct which violated a non-discretionary, mandatory directive and that such conduct proximately caused the injury in question."[13]

The Government then states that it "has not raised the discretionary function exception" insofar as Priah "purports to challenge as wrongful the shooting of Lester."[14] As previously noted, it bases its motion to dismiss in this regard on immunity conferred by Ohio law. Consequently, the Government contends that Priah does not require discovery of FBI policy documents on felony car stops or SWAT team operations, which "relate to the shooting itself," to oppose the motion to dismiss as to the alleged negligence since that motion is based on state-law immunity.[15]

As to documents concerning policies on hostage taking, kidnapping, investigations, arrests, and communications regarding these activities, the Government conceded that they might be relevant to opposing its motion to dismiss based on the claim of discretionary exception.[16] However, it asserts that there was no mandatory directive in these documents nor any possible proximate causal link to the shooting of Lester.[17]

---

[13] *Id.* at 7.

[14] *Id.* at 8.

[15] *Id*. at 9.

[16] *Id*. at 8.

[17] *Id.* at 9.

In addition, the Government maintains that these documents contain "confidential law enforcement and investigatory techniques" and so, even if discoverable, they need to be provided in redacted form.[18] The documents were thus provided to Priah in redacted form and to the Court under seal without redactions.[19]

As noted, the parties produced, at the direction of the Court, a report on discovery.[20] In it, the parties agreed that portions of the MIOG concerning kidnapping, surveillance, arrests, and crisis management are relevant to the discretionary function exemption claim in this case.[21] The Government reasserted its belief that the redactions in these sections are needed to protect privileged and confidential law enforcement information.[22] Priah, but not the Government, states that other portions of these sections are also relevant.[23] In addition, she seeks other documents that the Government stated either were in the material supplied to the Court *in camera* under a protective order or did not exist.[24]

---

[18] *Id.*

[19] ECF # 29.

[20] ECF # 43.

[21] *Id.* at 1.

[22] *Id.* at 2.

[23] *Id.*

[24] *Id*. at 2-4.

Subsequent to this report and in response to the Court's instruction,[25] each party then submitted letters as to the remaining discovery issues.[26]

In her letter, Priah restates her claim that additional discovery before the Court considers the Government's motion to dismiss is necessary. She asserts that the lack of a written policy applicable to the circumstances of Lester's death is, of itself, not determinative of whether there was a mandatory unwritten policy, perhaps created just for this case by the agents involved. Priah further argues that even if no mandatory policy exists, the agents' freedom to act in this case needs to serve a valid public policy, which policy has not yet been established and requires additional discovery to determine. To both of those ends, she seeks to expand discovery to depose agents involved in the shooting.[27]

Priah also asks to review the unredacted sections of the MIOG that were supplied in redacted form by the Government. She also wants various unredacted documents not previously transmitted to her in any form by the Government but provided *in camera* to the Court under seal.[28]

The Government reasserts its position that no further discovery is needed because Priah has not alleged a violation of any policy as the proximate cause of Lester's death. It contends that since the Government makes no assertion that the shooting itself is within the

---

[25] ECF # 39.

[26] The letters directed to the Court were not filed in the ECF system. They are, however, part of the permanent case file.

[27] Letter to the Court from Felicia Priah, dated April 4, 2007.

[28] *Id*.

discretionary function exemption, Priah is unclear as to what other conduct would be a legitimate basis for more discovery as being both in violation of a stated policy and a proximate cause of Lester's death.[29]

In essence, the Government claims that seeking discovery as to the policies of how agents communicate, how SWAT teams are organized, or when a vehicle should be "jumped" will not lead to any admissible evidence for use in opposing the motion to dismiss because Priah has not made any allegation that a policy violation in any of these areas proximately caused Lester's death.

As noted, Priah alternatively responds: (1) that any policy in these areas may have been oral, not written, and so still discoverable; and (2) even if every action in these areas was discretionary, the actions must be of a kind that the discretionary was meant to protect, and that determination requires additional discovery.

### III. Discussion

**A.     Applicable law**

This case involves the intersection of two legal standards. First is the FTCA standard for the discretionary function exception. The scope of this standard here defines what may be admissible evidence with respect to the Government's motion. Next, there is the well-known rule that the burden is on the party seeking additional discovery to put forth

---

[29] Letter to the Court from the U.S. Department of Justice, dated April 6, 2007, at 2.

sufficient facts to show that the evidence sought actually exists and that discovery is likely to produce admissible evidence.

*1.     FTCA*

The FTCA represents a grant of consent by the United States, subject to certain exceptions, to being sued for a tort committed by an employee "in the same manner and to the same extent as a private individual under like circumstances."[30]  This waiver is subject to limitations, including what is known as the discretionary function exception.  That exception provides that if any claim is based on the performance of or failure to perform "a discretionary function or duty" by the federal employee, whether or not there was an abuse of that discretion, federal courts will lack jurisdiction over the claim.[31]

Here, the United States employs a two-stage approach to Priah's claim in the context of the FTCA.  First, it argues that the actual shooting is not within the discretionary function exception, but that treating the agents involved "in the same manner" as a law enforcement officer in Ohio entitles them to immunity under Ohio law.  Second, it maintains that the planning of the rescue attempt and communication of the agents would be within the discretionary function exception, but that, even so, any possible violation of policy in those areas has not been pled as the proximate cause of Lester's death.  As to the second element of that analysis – the discretionary function exception for planning and communication – the

---

[30] 28 U.S.C. § 2674.  "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgement or for punitive damages."

[31] 28 U.S.C. § 2680(a); *Sharp v. United States*, 401 F.3d 440, 443 (6th Cir. 2005).

-9-

United States contends that no additional discovery is needed to respond to its motion to dismiss.

Courts utilize a three-step process in evaluating assertions of discretionary function.[32] First, a court must "identify the conduct that allegedly caused the harm."[33]  Next, it must consider whether that conduct "violated a mandatory regulation or policy that allowed no judgment or choice.  If so, the discretionary function does not apply" because the employee had no alternative but to adhere to the policy.[34] Finally, if the challenged action is deemed discretionary, a court must determine if the "[discretionary] conduct is 'of the kind that the discretionary function was designed to shield.'"[35]

Because the discretionary function exception "clearly limits the jurisdiction of the federal courts,"[36] the burden of establishing subject matter jurisdiction initially falls on the plaintiff.[37]  "Only after a plaintiff has successfully invoked jurisdiction by a pleading that

---

[32] As will be clear in the cases discussed below, the analysis is often described as being a two-step process.  However, it is equally clear in the case law that a predicate step is unstated in many formulations of the process.  That initial step is a necessary one, however, and is included here as part of complete description of the entire analysis.

[33] *Wood v. United States*, 115 F. Supp. 2d 9, 13 (D. Maine, 2000) (quoting *Shansky v. United States*, 164 F.3d 688, 690 (1st Cir. 1999)); *Bancheck v. United States*, No. 1:06CV3108, 2007 WL 1683829, at *2 (N.D. Ohio, June 8, 2007) ("Before determining whether a challenged action falls within the discretionary function exception to the FTCA, a plaintiff must specify what action of the United States he is challenging.").

[34] *Rosebush v. United States*, 119 F.3d 438, 441 (6th Cir. 1997).

[35] *Id.* (quoting *United States v. Gaubert*, 499 U.S. 315, 322-23 (1991)).

[36] *Sharp*, 401 F.3d at 443, n.1.

[37] *Bancheck*, 2007 WL 1683829, at *1.

facially alleges matters not excepted by § 2680 does the burden fall on the Government to prove the applicability of a specific provision of 28 U.S.C. § 2680."[38] As the Sixth Circuit has noted, any other reading of the statute "would conflict with the general rule that a party invoking federal jurisdiction must allege facts necessary to establish subject matter jurisdiction."[39]

As to claims that allege injury from law enforcement operations, courts have consistently held that the enforcement of federal criminal statutes is within the scope of activities the discretionary function exception was specifically designed to protect. Indeed, the "overwhelming consensus of federal case law establishes that criminal law enforcement decisions – investigative and prosecutorial alike – are discretionary in nature and, therefore, by Congressional mandate, immune from judicial review."[40] This was specifically held to be true in the very similar case of *Flax v. United States*,[41] which involved alleged injuries from the surveillance and pursuit of kidnappers.

---

[38] *Carlyle v. United States, Dep't of the Army*, 674 F.2d 554, 556 (6th Cir. 1982).

[39] *Sharp*, 401 F.3d at 443, n.1.

[40] *Mesa v. United States*, 837 F. Supp. 1210, 1213 (S.D. Fla. 1993). *See also*, *Hawkins v. United States*, No. EP-93-CA-193-H, 1994 WL 802850, at *2 (W.D. Tex. Nov. 29, 1994) (execution of an arrest warrant); *McElroy v. United States*, 861 F. Supp. 585, 592 (W.D. Tex. 1994) (execution of a search warrant); *Merced v. City of New York*, 856 F. Supp. 826, 831 (S.D.N.Y. 1994) ( failure to protect a witness).

[41] *Flax v. United States*, 847 F. Supp. 1183 (D.N.J. 1994).

## 2.     *Additional discovery*

The general rule is that "[t]rial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."[42] When a defendant challenges the court's subject matter jurisdiction, a plaintiff must be afforded "an opportunity to secure and present relevant evidence to the existence of jurisdiction."[43] However, any discovery sought must be "relevan[t] to the dispositive legal issues in question."[44] If the information sought would not "salvage [the] claim [from dismissal for lack of subject matter jurisdiction], substantial prejudice [would not] result from the district court's limitation on discovery."[45]

Discovery may be limited in cases, such as here, where the United States is seeking dismissal on grounds that the claim fails within the discretionary function exception to the FTCA when, after discovery had already disclosed that there was no mandatory policy applicable to the plaintiff's claim, the plaintiff was not able to show that more discovery was likely to reveal the existence of contrary facts, such as the existence of a different policy.[46]

---

[42] *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) (citing *Landis v. North Am. Co.* 299 U.S. 248, 254-55 (1936)).

[43] *Gilbert v. Ferry*, 401 F.3d 411, 415 (6th Cir. 2005) (citing *Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 451 (6th Cir. 1988)).

[44] *Hahn,* 190 F.3d at 719-20.

[45] *Id.*

[46] *Gager v. United States*, 149 F.3d 918, 922 (9th Cir. 1998).

## IV. Conclusion

Without pre-judging the merits of the Government's motion to dismiss and/or for summary judgment, which motion is not before the Magistrate Judge, the Court concludes that the discovery already furnished by the United States is both fully responsive to Priah's relevant requests and sufficient for the purpose of responding to the pending potentially dispositive motion.

Priah has not shown that more discovery as to the planning, staffing, and communications in the rescue attempt, or in the execution of the car "jump," will likely produce anything contrary to the established policies in these areas contained in the material already disclosed. Moreover, any additional discovery going to the shooting itself, which is not asserted to be within the discretionary function exception and which has been litigated in other courts, would not be relevant to adjudicating the present motion.

In addition, Priah has made no showing that the evidentiary record of the shooting itself already developed in other venues is inadequate or could be relevantly and uniquely enhanced by the additional discovery now sought.

Finally, Priah has not shown how any additional discovery – particularly the deposition of individual agents – could likely produce any admissible evidence relevant to challenging the conclusion reached by numerous courts that federal law enforcement activities such as those at issue here are within the scope of discretionary actions meant to be protected by the discretionary function exception.

Notwithstanding these findings, because the Government has already provided to the Court under seal non-redacted versions of the documents it already supplied to Priah, as well as documents that were not provided but were requested by Priah, the Court will grant Priah the right to examine these documents under the terms of the existing protective order.[47] The Court finds that doing so in this manner will not unduly delay consideration of the Government's motion, will not impose any additional burden of production upon the United States, will protect the Government's legitimate interest in safeguarding confidential information as to law enforcement techniques, and will afford Priah the most complete view possible of documents that are, as the parties themselves largely agree, arguably relevant to the discretionary function exception claims.

Dated: July 17, 2007                    s/ William H. Baughman, Jr.
                                        United States Magistrate Judge

---

[47] ECF # 35.